UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ZARIYA IZABELLA SHYE EL and DARRYL ORLANDO JACKSON KNIGHT EL, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | NO. 3:19-cv-01091 |
| v. | ) ) ) | |
| METRO NASHVILLE POLICE DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 9, 2019, the Court received two documents from Zariya Izabella Shye El and Darryl Orlando Jackson Knight El ("Plaintiffs"), two *pro se* Tennessee residents: a completed "Claim for a Civil Case" form with attached factual allegations (Doc. No. 1); and an application to proceed in this Court without prepaying fees and costs (Doc. No. 2). This initiated the opening of a new civil case. Then, on December 17, 2019, the Court received a filing titled "Writ of Prohibitio[n]," purporting to remove various state court proceedings to federal court. (Doc. No. 4.) Plaintiffs' application to proceed *in forma pauperis* will be granted. As explained below, however, no state court proceedings have been removed to this Court, any removal would be improper, and the civil claims asserted in Plaintiffs' initial filing cannot proceed at this time.

**I.    Improper Removal**

Plaintiffs refer to the "Writ of Prohibitio[n]" as a "[n]otice of removal" regarding six different cases. (Doc. No. 4 at 1.) At the outset, the Court notes that Plaintiffs have not actually removed any proceedings to this Court, as this filing was docketed as a generic notice in this

separate civil case. Nonetheless, Plaintiffs incorrectly assert that removal immediately took effect "upon the filing of [their] Notice" (id.), so the Court will first explain why Plaintiffs are mistaken.

The six "case numbers" provided by Plaintiffs to be removed correspond to numbers on a traffic citation (id. at 10), several misdemeanor criminal citations (id. at 7–9, 11–12), and bench warrants for the arrest of Zariya Shye (id. at 5). The bench warrants are for Shye's alleged failure to be booked and answer two of the misdemeanor citations. (Id.) These proceedings are criminal in nature. Thus, although Plaintiffs cite to federal statutes governing the removal of civil actions (id. at 1 (citing 28 U.S.C. §§ 1441 at 1446)), the Court instead looks to statutes governing the removal of criminal prosecutions.

"In rare circumstances, 28 U.S.C. §§ 1443 and 1455 enable a criminal defendant to remove a state-court criminal case to federal court." Thurmond v. Southfield Police Dep't, No. 17-11148, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017). Under Section 1455(b)(4), the Court must promptly examine any removal notice regarding criminal prosecutions to determine whether "it clearly appears on the face of the notice" and any attached exhibits "that removal should not be permitted." It is the removing party's burden to show that a federal court has jurisdiction in a case, and all doubts are resolved in favor of remand. See Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 404 (6th Cir. 2007) (citations omitted). For the following reasons, Plaintiffs' attempted removal is futile.

### A. Substantive Eligibility for Removal

Title 28 U.S.C. § 1443 governs which cases are substantively eligible for removal. Ward v. Kentucky, No. 3:17-cr-11-DJH, 2017 WL 956595, at *1 (W.D. Ky. Mar. 10, 2017). It specifies two types of cases: (1) a case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United

States, or of all persons within the jurisdiction thereof;" 28 U.S.C. § 1443(1); and (2) a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Id. § 1443(2).

For a case to qualify for removal under Section 1443(1), it must satisfy two prongs. First, "the right denied must arise under a federal law that 'provides for specific civil rights stated in terms of *racial equality*.'" Tenn. Dep't of Children's Servs. v. Winesburgh, 614 F. App'x 277, 280 (6th Cir. 2015) (quoting Conrad v. Robinson, 871 F.2d 612, 614–15 (6th Cir. 1989)) (emphasis added in Winesburgh). And second, the party seeking removal must show that he or she is "unable to or [is] denied the opportunity to enforce these specified federal rights in the courts of the state in question." Id. at 280–81 (quoting Conrad, 871 F.2d at 614–15).

Here, Plaintiffs satisfy neither prong. First, Plaintiffs do not allege that they were denied racial equality, but instead seem to assert that they are not subject to Davidson County's jurisdiction. And Plaintiffs do not satisfy the second prong because they do not assert an inability to enforce specific federal rights in state court. Thus, Plaintiffs have not demonstrated that removal is proper under Section 1443(1). See Commonwealth of Kentucky v. Jamarr-Massey:Bey, No. 3:16-cr-125, 2016 WL 6078298, at *2 (W.D. Ky. Oct. 14, 2016) (rejecting defendant's attempt to remove state criminal prosecution based on argument that the state did "not have jurisdiction to bring charges against him").

Plaintiffs also do not qualify for removal under either of Section 1443(2)'s two clauses. The first clause states, "[f]or any act under color of authority derived from any law providing for equal rights." This clause applies "only to federal officers and to persons assisting such officers in the performance of their official duties." Ward, 2017 WL 956595, at *2 (quoting Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit, 597 F.2d 566, 568 (6th Cir. 1979)). The second

clause, meanwhile, provides that removal may be available in prosecutions "for refusing to do any act on the ground that it would be inconsistent with such law." This clause is "available only to state officers." Id. (quoting City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824 n.22 (1966)). Here, Plaintiffs are not federal officers, persons assisting federal officers in the performance of their duties, or state officials. Removal under Section 1443(2) is therefore improper.

### B. Procedural Requirements for Removal

Title 28 U.S.C. § 1455 governs removal procedure for criminal prosecutions. It requires the party seeking removal to file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Id. § 1455(a). Here, Plaintiffs signed the "Writ of Prohibitio[n]" and attached photographs of several citations and bench warrants. (Doc. No. 4 at 4–12.) But one of these photographs is incomplete (id. at 12), and it is unclear whether these photographs capture "all process, pleadings, and orders served upon" Plaintiffs. Perhaps more importantly, Plaintiffs' stated grounds for removal are disjointed and nearly incomprehensible, rather than "short and plain." Thus, Plaintiffs' attempted removal is procedurally deficient as well.

## II. Civil Claims

Plaintiffs' initial filing is a completed "Claim for a Civil Case" form with attached factual allegations. (Doc. No. 1.) There, Plaintiffs name the Metro Nashville Police Department ("MNPD") and three MNPD employees as Defendants. (Id. at 1–2.) Plaintiffs assert, among other things, that the Defendants violated their Fourth Amendment rights during a traffic stop on October 21, 2019. (Id. at 3, 6–7.) And on the Civil Cover Sheet, Plaintiffs request two million dollars in monetary damages. (Doc. No. 1-1.) Thus, Plaintiffs' initial filing clearly asserts civil rights claims under 42 U.S.C. § 1983.

4

Because Plaintiffs filed this action *in forma pauperis*, the Court must conduct a review to determine whether any asserted claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In doing so, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). *Pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. Factual Allegations

Plaintiffs allege that, on October 21, 2019, Shye El was driving a vehicle in which Knight El was a passenger. (Doc. No. 1 at 6.) An MNPD officer stopped the vehicle and told Shye El it was because the "passenger tail light was out." (Id.) The officer asked Plaintiffs a series of questions about their identification cards, and took Shye El's "Travel card" and "Nationality card" to the police car for "about 10-15 minutes." (Id.) More MNPD officers arrived, and one officer told Plaintiffs to get out of the vehicle because it "smell[ed] profusely of marijuana." (Id.) Plaintiffs allege that the original officer did not previously mention a marijuana smell. (Id.) Officers then searched Knight El and the vehicle, finding "an empty tobacco pipe and jar" in the vehicle. (Id. at 7.) Plaintiffs "were coerced into signing citations under threat of imprisonment." (Id.) The officers allowed Plaintiffs to leave the scene. (Id.) Knight El later "took a video of the tail light in question showing [it] was indeed working properly at the time of the unlawful stop." (Id.)

5

**B.    Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).

Plaintiffs assert, among other things, that the Defendants violated their Fourth Amendment rights. Under the Fourth Amendment, individuals have the right to be free from unreasonable search and seizure. United States v. Pacheco, 841 F.3d 384, 389 (6th Cir. 2016) (citing U.S. Const. amend. IV)). "When a motorist is stopped by the police, he, and all of his passengers, are 'seized' within the meaning of the Fourth Amendment." Id. at 389–90 (footnote omitted) (citing Brendlin v. California, 551 U.S. 249, 256–59 (6th Cir. 2007)). "It is eminently reasonable to stop a motorist when the police have probable cause to believe he committed a traffic violation." United States v. Lash, 665 F. App'x 428, 430 (6th Cir. 2016) (citing Whren v. United States, 517 U.S. 806, 810 (6th Cir. 1996). But to detain the subjects of a traffic stop "beyond the purpose of the original violation," an officer "must have had a reasonable and articulable suspicion that criminal activity was afoot." United States v. Torres-Ramos, 536 F.3d 542, 550 (6th Cir. 2008) (citing United States v. Hill, 195 F.3d 258, 264 (6th Cir. 1999)).

Here, liberally construing the initial filing in Plaintiffs' favor, Plaintiffs at least assert that MNPD officers did not have probable cause for the initial traffic stop, or reasonable suspicion to extend the duration of the traffic stop beyond issuing a citation for a faulty tail light. Taking the factual allegations as true, as required at this point in the proceedings, Plaintiffs may state a colorable claim for relief under the Fourth Amendment.

As Plaintiffs make clear through their "Writ of Prohibitio[n]," however, they are currently involved in criminal proceedings arising from this same traffic stop. Where a civil claim is "related to rulings that will likely be made in a pending or anticipated criminal trial[]," it is "in accord with common practice" to stay the case "until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007) (citing Heck v. Humphrey, 512 U.S. 477, 487–88 n.8 (1994)). That appears to be the case here, so the Court will stay this civil action pending resolution of Plaintiffs' state criminal proceedings.

The Court notes that, if Plaintiffs face an adverse outcome in their state criminal proceedings, the civil claims asserted in the initial filing may face obstacles under the Heck doctrine. Under Heck, "a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." Sanders v. Detroit Police Dep't, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting Heck, 512 U.S. at 487). Thus, if Plaintiffs are convicted in state court, and a favorable ruling in this action would necessarily invalidate their convictions, "Heck will require dismissal." Wallace, 549 U.S. at 394 (citing Edwards v. Balisok, 520 U.S. 641, 649 (1997)). Otherwise, this action may proceed, "absent some other bar to suit." Id.

## III. Conclusion

Plaintiffs' application to proceed without prepaying the filing fee (Doc. No. 2) is **GRANTED**. To be clear, Plaintiffs have not removed any state court proceedings to this Court. And Plaintiffs' attempt to do so through their "Writ of Prohibio[n]" (Doc. No. 4) is futile, because Plaintiffs have not demonstrated that this is one of the rare circumstances that justifies removing state criminal proceedings to federal court.

As to the civil claims asserted in Plaintiffs' initial filing, this action is **STAYED**. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case and maintain the physical file until further order.

Plaintiffs **MUST** file a status report informing the Court of the status of their pending state criminal proceedings within **6 MONTHS** from the date this Order is entered on the docket, and every 6 months thereafter until the state criminal proceedings are resolved. Within **30 DAYS** after the resolution of Plaintiffs' state criminal proceedings, they **MUST** file a motion to reopen and proceed in this action.

Plaintiffs are warned that the Court may dismiss this action if they do not comply with these instructions. Plaintiffs are also warned that failure to keep the Court informed of their current addresses at all times may result in dismissal of this action. Fed. R. Civ. P. 41(b); Local Rule 41.01(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE