# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ZARIYA IZABELLA SHYE EL, and )<br>DARRYL ORLANDO JACKSON )<br>KNIGHT EL, )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>METRO NASHVILLE POLICE )<br>DEPARTMENT, et al., )<br>    Defendants. ) | Case No. 3:19-cv-01091<br>Chief Judge Crenshaw/Frensley<br>Jury Demand |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss pursuant to Fed. R. Civ. P. 37(b) filed by Defendants Baldoni and Cagle. Docket No. 32. Defendants have contemporaneously submitted a supporting Memorandum of Law. Docket No. 33. As grounds for their Motion, Defendants argue that this action should be dismissed for failure to obey the Court's March 5, 2021 Order and failure to participate in discovery. *Id.*

Plaintiffs have not responded to the instant Motion.

For the reasons stated herein, the undersigned recommends that the Motion to Dismiss be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

### I. BACKGROUND

On December 9, 2020, Defendants Baldoni and Cagle sent discovery requests to Plaintiffs including interrogatories, requests for production, and requests for admission. Docket No. 29-1. Plaintiffs did not respond to Defendants' requests. On January 15, 2021, counsel for Defendants Baldoni and Cagle mailed each Plaintiff a letter requesting a response to these discovery requests by February 2, 2021. Docket No. 29-2. In the letters, counsel for Defendants Baldoni and Cagle informed Plaintiffs that sanctions including a motion to compel their responses could ensue if they

did not participate in discovery. *Id.* Plaintiffs did not respond.

On March 3, 2021, Defendants Baldoni and Cagle filed a motion to compel Plaintiffs to respond to their discovery requests. Docket Nos. 28, 29. On March 5, 2021, the undersigned entered an Order directing Plaintiffs to respond to the outstanding interrogatories and requests for production on or before March 19, 2021. Docket No. 31. Specifically, the undersigned's Order stated in pertinent part as follows:

> The Plaintiffs shall respond to the outstanding interrogatories and requests for production of documents on or before March 19, 2021. The Court reserves ruling on the request to deem admissions admitted pending Plaintiffs' response to the instant motion. The Plaintiffs are forewarned that failure to comply with the requirements of the Federal Rules of Civil Procedure, Local Rules of Court and Orders of this Court may result in sanctions up to including a recommendation that this matter be dismissed.

*Id.*

## II. LAW AND ANALYSIS

### A. Legal Standard.

Parties must participate in discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 37, which governs the enforcement of the discovery Rules, states in relevant part:

> (2) Sanctions Sought in the District Where the Action Is Pending.
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed R. Civ. P. 37(b)(2)(A).

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the

3

Case 3:19-cv-01091   Document 34   Filed 06/07/21   Page 3 of 8 PageID #: 214

plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

### B. The Case at Bar

The undersigned finds that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the four relevant factors, considered under the "relaxed" standard

for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders by the Plaintiffs.

### 1. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F. 3d at 591(6th Cir 2001)). While there is no indication that the Plaintiff's failure to participate in discovery or respond to the Motion to Dismiss was driven by bad faith, they are still "at fault for failing to comply with the court's order[ ]." *Malott v. Haas,* 2017 WL 1319839, *2 (E. D. Mich. February 8, 2017), Report and Recommendation adopted by 2017 WL 1244991 (E. D. Mich. April 5, 2017). The Court's Order on the Motion to Compel was clear and direct. Nonetheless, the Plaintiff's chose not to comply with the Court's Order or provide any explanation as to why they did not. Thus, this factor weighs in favor of dismissal.

### 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F. 3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and

5

Case 3:19-cv-01091   Document 34   Filed 06/07/21   Page 5 of 8 PageID #: 216

for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders by the Plaintiffs.

### 1. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F. 3d at 591(6th Cir 2001)). While there is no indication that the Plaintiff's failure to participate in discovery or respond to the Motion to Dismiss was driven by bad faith, they are still "at fault for failing to comply with the court's order[ ]." *Malott v. Haas,* 2017 WL 1319839, *2 (E. D. Mich. February 8, 2017), Report and Recommendation adopted by 2017 WL 1244991 (E. D. Mich. April 5, 2017). The Court's Order on the Motion to Compel was clear and direct. Nonetheless, the Plaintiff's chose not to comply with the Court's Order or provide any explanation as to why they did not. Thus, this factor weighs in favor of dismissal.

### 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F. 3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and

-

effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F. 3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F. 3d at 740.

Here, the Defendant filed a motion to dismiss (Docket No. 32). While that step is often typical of the early stages of litigation, in this case, it was necessitated only by the Plaintiff's failure to comply with the Court's orders regarding discovery. *See Schafer*, 529 F. 3d at 739. Thus, the defendants wasted substantial time, money, or effort due to a lack of cooperation from Plaintiffs. The Plaintiffs failure to take any steps to advance the litigation does prejudice the Defendants. All parties are entitled to a just and prompt resolution of their cases. The failure to advance litigation, as the Plaintiffs have here, prejudices the parties and reflects the type of situation where the Court should intervene. The failure of a party to respond to discovery prevents the requesting party from developing facts and information which it is entitled to in order to prosecute or defend the case. The failure of a party to respond to dispositive motions deprives the Court of that party's opposition, reflects a lack of interest in the litigation and forces the Court to address matters without the benefit of the nonmoving party's advocacy. This prejudices the moving party. Thus, this factor weighs in favor of dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F. 3d at 740 (*quoting Stough*, 138 F. 3d at

6

615). Here, the Court expressly warned Plaintiffs that failure to respond to the outstanding interrogatories and request for production of documents on or before March 19, 2021 might result in sanctions up to including a recommendation that this matter be dismissed. Docket No. 31. This factor weighs in favor of dismissal.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n. 5; see also *Mulbah*, 261 F. 3d at 590–91. That is so even though the defendants have filed a motion to dismiss. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal of action for failure to prosecute where plaintiff had not provided the court with a current mailing address or responded to the defendants' motion dismiss despite a sixty-day extension); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. See *Schafer*, 529 F. 3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Id.* (quoting *Harmon*, 110 F. 3d at 367)).

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh" sanction. Plaintiffs have been given every opportunity to participate in this litigation and have chosen not to do so. The Plaintiffs have been given ample opportunity to cure the defects and specifically advised that their failure to cooperate and comply with the

Court's orders could lead to dismissal. No further less drastic sanction would be appropriate in this case.

Noncompliance with a discovery order is sufficient to establish disobeyance of that order; it is unnecessary to establish willfulness, bad faith, or malice. *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958). As discussed above, on March 5, 2021, the undersigned Ordered Plaintiffs to respond to the outstanding interrogatories and requests for production of documents on or before March 19, 2021 and warned them that failure to comply could result in the undersigned recommending dismissal. Docket No. 31. Despite being Ordered to respond and being warned of the consequences if they failed to do so, Plaintiffs did not comply. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss (Docket No. 32) be **GRANTED**, and that this action be **DISMISSED WITHOUT PREJUDICE**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                **JEFFERY S. FRENSLEY**
                **United States Magistrate Judge**