UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ZARIYA IZABELLA SHYE EL, and DARRYL ORLANDO JACKSON KNIGHT EL, | ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:19-cv-01091 |
| v. | ) ) ) | |
| METRO NASHVILLE POLICE DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 34) recommending the Court grant the Motion to Dismiss filed by Officers Jed Baldoni and Ryan Cagle of the Metro Nashville Police Department (Doc. No. 32). The R&R reasons that dismissal is appropriate because plaintiffs Darryl El and Zariya El failed to participate in discovery. (Doc. No. 34 at 8). The Els objected to the R&R (Doc. No. 35), and the officers responded (Doc. No. 36). For the reasons outlined below, the Court will adopt the R&R and dismiss this case without prejudice.

## I. BACKGROUND

This case concerns the Els' claim that members of the Metro Nashville Police Department deprived them of their constitutional rights during a traffic stop. (Doc. No. 1). After the Els filed their claim, Officers Baldoni and Cagle served discovery requests. (Doc. No. 34 at 1). The Els did not respond to the requests, or to the officers' follow-up correspondence. (Id. at 1-2.) The officers then filed a motion to compel the Els to participate in discovery. (Doc. No. 28). The

1

Magistrate Judge granted the motion in part, and entered an Order directing the Els to respond to the officers' outstanding discovery requests. (Doc. No. 31 at 1). The Order warned the Els that failure to comply with court orders could "result in sanctions up to [and] including a recommendation that this matter be dismissed." (Id. at 1-2). The Els did not comply with the Order. (Doc. No. 34 at 5).

Subsequently, Officers Baldoni and Cagle moved to dismiss the Els' lawsuit under Federal Rule of Civil Procedure 37.[1] (Doc. No. 32). Rule 37 authorizes district courts to "dismiss[] [an] action or proceeding in whole or in part" where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37. In response to the officers' motion, the Magistrate Judge issued the R&R, which recommends this Court dismiss the Els' lawsuit without prejudice based on Rule 37 and Rule 41(b).[2] (Doc. No. 34 at 2-8). The Els then filed a single-page document titled "Notice/Memorandum" (Doc. No. 35), which the Court construes as the Els' objections to the R&R.

## II.  LEGAL STANDARD

Because the R&R concerns a dispositive motion, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). To be proper, objections "must be specific." Lawhorn v. Buy Buy Baby, Inc., No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021). Objections also have to "state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made." L.R. 72.02(a). And objections "must be

---

[1] The Federal Rules of Civil Procedure are referred to as the "Rules" hereafter.

[2] Rule 41(b) permits district courts to dismiss an action where "the plaintiff fails to prosecute or to comply with [federal] rules or a court order." Fed. R. Civ. P. 41.

accompanied by sufficient documentation including, but not limited to, affidavits, pertinent exhibits, and if necessary, transcripts of the record to apprise the District Judge of the bases for the objections." Id.

Notably, the "failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter." Lawhorn, 2021 WL 1063075, at *1. This is because without proper objections to a report and recommendation, the "functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991). "This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Id.

## III. ANALYSIS

The Els' objections to the R&R are not proper because they are not specific. The objections are contained in a single paragraph, in which the Els claim they "participated in the discovery to the best of their knowledge" and conveyed "[m]ultiple videos" to opposing counsel[3] that contained evidence relevant to the Els' lawsuit.[4] (Doc. No. 35). The Els do not support these claims with any details or documentation. Id. Nor do the Els state the portions of the R&R to which their

---

[3] According to Officers Baldoni and Cagle's Motion to Dismiss, the Els did send (or attempted to send) videos to counsel for the officers. (Doc. No. 33 at 2). However, per the officers, (1) the Els did so after the deadline set by the Magistrate Judge, (2) the videos were only partially responsive to the officers' outstanding discovery requests (which included interrogatories, requests for production, and requests for admission), and (3) the Els did not respond to the officers' follow-up invitation to fully respond to those requests by a later date. (Id. at 1-2). The Els have not responded to these claims in the "Notice/Memorandum" document or anywhere else in the record.

[4] The "Notice/Memorandum" document also contains several statements accusing the Magistrate Judge of impropriety and threatening legal action. (Doc. No. 35). The Els do not support those statements with documentation or detail. (See id.). And those statements do not address the R&R's application of legal principles. (See id.). Therefore, the Court will not address those statements any further.

3

objections apply. Id. The Els also do not explain how the Magistrate Judge ostensibly erred, and do not cite any legal precedent. Id. Because the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object," Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001), the Els have not offered proper objections to the R&R.

To the extent the Els' objections attack the R&R as a whole, they are still improper. "A general objection to the entirety of [a] magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Hence, the Court has no duty to review the record independently. Lawhorn, 2021 WL 1063075, at *1 ("The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made."); Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Regardless, the Court thoroughly reviewed the record and agrees with the R&R's conclusions. The Els' vague and conclusory allegations are not supported by the record, and therefore would not disturb the R&R's straightforward and detailed application of Rule 37 and Rule 41 (Doc. No. 34 at 2-8) even if de novo review were required here.

The Court acknowledges that the Els are proceeding pro se and therefore "may be entitled to some latitude when dealing with sophisticated legal issues." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). But this latitude does not excuse the Els from complying with "straightforward procedural requirements that a layperson can comprehend." Id. And because "court-imposed discovery deadlines" fall within that category, id., dismissal is warranted. However, the Court

4

agrees with the Magistrate Judge that the "less-drastic sanction of dismissal without prejudice" is appropriate here based in part on the Els' status as pro se litigants. (Doc. No. 34 at 7).

## IV. CONCLUSION

For the foregoing reasons, the Court agrees with the Magistrate Judge's recommended disposition. Accordingly, the R&R (Doc. No. 34) is **APPROVED AND ADOPTED**, Officers Baldoni and Cagle's Motion to Dismiss (Doc. No. 32) is **GRANTED IN PART AND DENIED IN PART**,[5] and this action is **DISMISSED WITHOUT PREJUDICE**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The Court only denies the portion of Officers Baldoni and Cagle's Motion to Dismiss that requests dismissal "with prejudice" (Doc. No. 32), because the Court agrees with the Magistrate Judge's recommendation that the case be dismissed "without prejudice" (Doc. No. 34 at 7-8).